**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| Wolverine Barcode IP, LLC, <br><br>     *Plaintiff*, <br><br>         v. <br><br> Subway IP LLC, <br><br>     *Defendant.* | Civil Action No. 2:26-cv-00285-JRG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT SUBWAY IP LLC'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFF
WOLVERINE BARCODE IP, LLC'S COMPLAINT**

Defendant Subway IP LLC ("Subway") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Wolverine Barcode IP, LLC's ("Plaintiff") Complaint for Patent Infringement. Subway denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES**

1.    Subway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.    Subway admits that it is a limited liability company organized under the laws of Delaware and that it has a principal office in Connecticut. Subway admits it has a registered agent with an address of Corporation Services Company, Goodwin Square, 225 Asylum Street, 20th

---

[1] For avoidance of doubt, Subway denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

Floor, Hartford, Connecticut 06103. Further, Subway submits that it is not a proper defendant under 35 U.S.C. § 271, and reserves all its rights accordingly. Subway denies all remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.      Subway admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* Subway admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Subway denies any remaining allegations in Paragraph 3 of the Complaint.

4.      Subway does not contest whether personal jurisdiction over it properly lies in this District in this case. Subway denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 4 of the Complaint.

5.      Subway does not contest whether venue is proper in this District in this case. Subway denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

## INFRINGEMENT OF THE '689 PATENT

6.      Subway admits that an alleged copy of U.S. Patent No. 9,280,689 ("'689 Patent") is attached to the Complaint as Exhibit A. The '689 Patent speaks for itself and Subway denies any characterizations inconsistent therewith. Subway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, denies all such allegations.

7.      Subway denies the allegations in Paragraph 7 of the Complaint.

8.      Subway denies the allegations in Paragraph 8 of the Complaint.

2

9.      Subway admits that a chart is attached as Exhibit B to the Complaint but denies that it shows infringement. Subway denies the remaining allegations in Paragraph 9 of the Complaint.

10.      Subway denies the allegations in Paragraph 10 of the Complaint.

11.      Subway denies the allegations in Paragraph 11 of the Complaint.

12.      Subway denies the allegations in Paragraph 12 of the Complaint.

## JURY DEMAND

Subway is not required to provide a response to Plaintiff's request for trial by jury.

## CONDITIONS PRECEDENT

13.      Subway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14.      Subway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15.      Subway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies all such allegations.

16.      Subway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies all such allegations.

17.      Subway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies all such allegations.

18.     Subway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19.     Subway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20.     Subway is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies all such allegations.

## PRAYER FOR RELIEF

Subway denies the Plaintiff is entitled to any relief from Subway and denies all the allegations contained in Paragraphs A-G of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Subway's Affirmative Defenses are listed below. Subway reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Subway has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '689 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '689 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C.

4

§§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '689 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Subway's actions allegedly infringe the claims of the '689 Patent, Subway is not liable to Plaintiff for the acts alleged to have been performed before Subway received actual notice that it was allegedly infringing the claims of the '689 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Subway indirectly infringes, either by contributory infringement or inducement of infringement, Subway is not liable to Plaintiff for the acts alleged to have been performed before Subway knew that its actions would allegedly cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '689 Patent against Subway is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the '689 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Subway.

**SUBWAY'S COUNTERCLAIMS**

For its counterclaims against Plaintiff Wolverine Barcode IP, LLC ("Wolverine"), Counterclaim Plaintiff Subway IP LLC ("Subway") alleges as follows:

**PARTIES**

1.      Subway is a limited liability company organized and existing under the laws of Delaware with a principal office in Connecticut. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Wolverine, Wolverine is a limited liability company with its principal place of business located in Austin, Texas.

**JURISDICTION**

2.      Subway incorporates by reference Paragraphs 1–2 above.

3.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

4.      Wolverine has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

5.      Based solely on Wolverine's filing of this action, venue is proper for purposes of these counterclaims, in this District pursuant at least 28 U.S.C. § 1391.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF**
**THE 9,280,689 PATENT**

6.      Subway incorporates by reference Paragraphs 1–6 above.

7.      Based on Wolverine's filing of this action and at least Subway's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Subway infringes the '689 Patent.

6

8.      Subway does not infringe the claims of the '689 Patent because, *inter alia*, Subway does not perform the steps of providing a personal code to a person for their use to purchase goods; converting said personal code into barcode format to form a User ID Barcode, said User ID Barcode corresponding to said personal code and including at least one special character to distinguish the barcode as a User ID Barcode from a product barcode; storing said personal code in said User ID Barcode format by said person for use to purchase goods and storing said personal code in a User Vendor Management Server to permit purchases to be made at a vendor; establishing a User Account in a User Vendor Management Server corresponding to said personal code; depositing funds in said User Account to establish a credit limit; conducting purchases at vendors each having a vendor server wherein each purchase includes scanning product barcodes including product price and said User ID Barcode with a product barcode scanner at the vendor cash register and transmitting both product barcodes and User ID Barcode to said vendor server; detecting the User ID Barcode at the vendor server and forwarding the ID Barcode and purchase price to said User Vendor Management Server; comparing the purchase price with the funds in said User Vendor Management Server to determine if there are available funds within the credit limit in the User Vendor Management Server account, and if there are, sending an approval signal to the vendor server; forwarding the approval signal to the vendor cash register; and repeating the previous steps for subsequent purchase transactions using said User ID Barcode.

9.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Subway requests a declaration by the Court that Subway has not infringed and does not infringe any claim of the '689 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF
## THE 9,280,689 PATENT

10. Subway incorporates by reference Paragraphs 1–9 above.

11. Wolverine purports to charge Subway with infringement of the '689 Patent in its Complaint.

12. Wolverine asserts that the '689 Patent is valid and enforceable.

13. The claims of the '689 Patent are neither valid nor enforceable for failure to comply with the requirements of patentability, including without limitation failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 251.

14. An actual and justiciable controversy exists between Subway and Wolverine with respect to the validity of the '689 Patent, because Wolverine has filed the instant Complaint alleging that Subway infringes valid and enforceable claims of the '689 Patent and Subway denies that allegation.

## PRAYER FOR RELIEF

WHEREFORE, Subway asks this Court to enter judgment in Subway's favor and against Wolverine by granting the following relief:

a) a declaration that the claims of the '689 Patent are invalid;

b) a declaration that Subway does not infringe, under any theory, any valid claim of the '689 Patent that may be enforceable;

c) a declaration that Wolverine take nothing by its Complaint;

d) judgment against Wolverine and in favor of Subway;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award

8

to Subway of its costs and attorneys' fees incurred in this action; and

g)        further relief as the Court may deem just and proper.

## JURY DEMAND

Subway hereby demands trial by jury on all issues.

Dated: July 2, 2026                                  Respectfully submitted,

                                                     */s/ Eric H. Findlay*
                                                     Eric H. Findlay (Texas Bar No. 00789886)
                                                     **FINDLAY CRAFT, P.C.**
                                                     7270 Crosswater Avenue, Suite B
                                                     Tyler, TX 75703
                                                     Tel: 903-534-1100
                                                     efindlay@findlaycraft.com

                                                     ***Attorney for Defendant Subway IP LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing

document has been served on July 2, 2026, to all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF system.

                                                     */s/ Eric H. Findlay*
                                                     Eric H. Findlay

9